UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LENNAR NORTHEAST PROPERTIES, INC. d/b/a LENNAR NORTHEAST URBAN, and LENNAR HINGHAM HOLDINGS, LLC,

Plaintiffs,

v.

BARTON PARTNERS ARCHITECTS PLANNERS INC., et al.,

Defendants.

Civil Action No. 16-cv-12330-ADB

**MEMORANDUM AND ORDER ON MOTIONS IN LIMINE**

BURROUGHS, D.J.

This case arises from the allegedly defective construction of a condominium project in Hingham, Massachusetts (the "Condominium"). Plaintiffs Lennar Northeast Properties, Inc., d/b/a Lennar Northeast Urban, and Hingham Holdings, LLC (collectively, "Lennar") developed and own the Condominium. [ECF No. 82 ¶ 1]. Defendant Barton Partners Architects Planners Inc. ("BAP") designed the Condominium, and Defendant Building Engineering Resources Inc. ("BER") engineered it. [Id.]. Defendants Highland Carpentry Inc., U.S. Framing Inc., USFNE LLC, F.M. Home Improvement, Inc. ("F.M. Home"), and Archer Exteriors, Inc. ("Archer") were subcontracted to work on certain aspects of the Condominium. [Id.]. Additionally, Archer impleaded a number of third-party defendants who also worked on the project, including LCK

Construction, Inc. ("LCK") and New System Roofing & Siding, Inc. n/k/a New System Quality & Exteriors, Inc. ("New System"). See [ECF No. 87 (third party complaint)].

Currently before the Court are seven motions in limine. [ECF Nos. 171, 174, 175, 178, 179, 194, 195].[1] For the reasons set forth below, three, [ECF Nos. 178, 194, 195], are DENIED, and the others, [ECF Nos. 171, 174, 175, 179], are DENIED with leave to renew.

## I. DISCUSSION

The Court assumes the parties' familiarity with the factual allegations contained in Lennar's operative complaint. [ECF No. 82]. In sum, Lennar alleges that the defendants provided shoddy work on the Condominium, which cost Lennar a significant amount of money to fix. [Id. ¶ 31]. Archer asserts that to the extent it is found liable to Lennar, then LCK, New System, and the other third-party defendants are "liable for such liability arising from their work on the [p]roject." [ECF No. 87 at 2].

### A. ECF No. 171: Motion in Limine Regarding Attorneys' Fees

F.M. Home moves to preclude Lennar from offering evidence or argument related to attorneys' fees because Lennar failed to (1) identify an expert to testify regarding the reasonableness of such fees and (2) produce any documents supporting its claim for fees (e.g., invoices, engagement letters, etc.) before discovery closed. [ECF No. 171]. Lennar maintains that expert testimony is not necessary and that it was not required to produce any documents

---

[1] On February 4, 2021, the parties filed a joint status report stating that although several of the instant motions were originally filed by parties who have settled and will soon be dismissed from the litigation, at least one party still involved in the litigation has joined each motion. [ECF No. 229 at 1 n.1]. Based on this representation, the Court will rule on the motions. Generally, with respect to each motion, the Court will refer only to the moving party and will not list all parties that have joined.

prior to the discovery deadline because it will continue to accrue attorneys' fees as the litigation continues. [ECF 239].

Under Federal Rule of Civil Procedure 54, "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). In their briefs on the instant motion, the parties have not explicitly taken a position on whether substantive law requires Lennar to prove its attorneys' fees at trial, see [ECF No. 171, 239], or whether there are "prevailing party" provisions at issue, see Rockland Trust Co. v. Computer Associated Int'l, Inc., No. 95-cv-11683, 2008 WL 3824791, at *5 (D. Mass. Aug. 1, 2008) ("Attorneys' fees can be either an element of damages to be proven at trial or a collateral matter to be determined following adjudication of the relevant claims. In making this distinction, courts have differentiated between claims for attorney's fees based on 'prevailing party' contractual provisions and claims for attorney's fees based on other types of contractual provisions." (citations and internal quotation marks omitted)). Without further briefing, the Court is not prepared to rule on the instant motion. Accordingly, F.M. Home's motion, [ECF No. 171], is DENIED with leave to renew. If a renewed motion is filed, each party should clearly articulate its view as to when (i.e., during or after trial) attorneys' fees should be determined and by whom (i.e., judge or jury).

**B. ECF No. 174: Motion in Limine Regarding Buildings 3 and 20**

F.M. Home seeks to prohibit Lennar from introducing any evidence regarding work performed by F.M. Home on Buildings 3 and 20 because of Massachusetts' Statute of Repose. [ECF No. 174]. Lennar maintains that its proposed amended complaint, see [ECF No. 226 (pending motion to amend)], asserts a contractual indemnification claim that is not barred by the Statute of Repose as to Buildings 3 and 20, [ECF No. 238]. The Court cannot decide this motion

without deciding Lennar's pending motion to amend and Archer's pending motion for summary judgment, [ECF No. 223], which have not yet been fully briefed. Accordingly, F.M. Home's motion, [ECF No. 174], is DENIED with leave to renew.

**C. ECF No. 175: Motion in Limine Regarding Documents Not Produced**

F.M. Home moves to exclude certain documents because Lennar failed to produce them during discovery. [ECF No. 175]. Lennar maintains that it has already produced the documents referenced in F.M. Home's motion (or has separately produced all of the information contained in those documents). [ECF No. 240]. It also represents that it will produce the sole document specifically identified by F.M. Home, the "Job Cost Report." [Id. at 3–4].[2]

Given that Lennar has agreed to produce the Job Cost Report and the difficulty in prospectively ruling on whether a particular document should be admissible, the Court will defer ruling on the admissibility of specific exhibits until trial. The Court does, however, caution Lennar against withholding documents and then seeking to introduce them at trial.

Accordingly, F.M. Home's motion, [ECF No. 175], is DENIED with leave to renew at trial.

**D. ECF Nos. 178 and 195: Motions in Limine Regarding Standard of Care**

LCK and New System each seek to preclude Lennar and Archer from offering expert testimony concerning the standard of care for roofing and siding subcontractors. [ECF No. 178 (LCK); ECF No. 195 (New System)]. Archer opposes both motions as they relate to Archer—noting that it does not intend to offer expert testimony against LCK or New System at all and will offer expert testimony against Lennar only in rebuttal—but joins the motions insofar as they

[2] Lennar also represents that it will assist defendants in locating specific documents within its production. [ECF No. 240 at 5].

relate to Lennar. [ECF Nos. 189, 199]. Lennar maintains that its experts are qualified and should be permitted to testify accordingly. [ECF No. 237].

Each of Lennar's potential experts has been adequately disclosed. See [ECF No. 66 (Dec. 27, 2018 disclosure of Mr. Rutila, Mr. LaMalva, and Mr. Cammalleri); ECF No. 162 at 2 (Feb. 24, 2020 disclosure of Mr. Tomlinson)]. Further, the fact that the experts are not roofers or siders by trade does not mean that they cannot offer expert testimony regarding a roofer's or sider's standard of care. Under Federal Rule of Evidence 702, an individual may be qualified to serve as an expert based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Any limitations in their qualifications go to the weight rather than the admissibility of their testimony. If LCK, New System, and/or Archer believe that Lennar's experts are offering testimony that has not been properly disclosed, they may object at trial. With respect to Archer's potential expert, in light of the fact that Mr. Hallaman may not, in fact, testify as an expert, the Court will defer ruling until trial.

Accordingly, both LCK's and New System's motions, [ECF Nos. 178, 195], are DENIED.

**E. ECF No. 179: Motion in Limine Regarding Damages**

LCK moves to prohibit Lennar and Archer from offering evidence and expert testimony regarding damages because they failed to comply with Federal Rule of Civil Procedure 26's initial disclosure and expert disclosure requirements. [ECF No. 179]. Specifically, LCK argues that Lennar and Archer have (1) failed to adhere to Rule 26(a)(1)(iii)'s requirement concerning a computation of damages; and (2) not disclosed an expert witness competent to opine on damages. [Id. at 4–8]. Archer agrees with LCK that Lennar's damages computation is deficient and maintains that its own failure to adhere to Rule 26's computation requirements should be

excused because it cannot provide a computation of damages to LCK until Lennar provides a computation of damages to Archer. [ECF No. 190]. Lennar responds that its initial disclosures were adequate and that expert testimony as to damages is not required. [ECF No. 241].

Federal Rule of Civil Procedure 26(a)(1)(iii) requires parties to provide "a computation of each category of damages claimed" and "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(iii). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Neither LCK nor Archer has cited any case outlining what, precisely, a party must do to comply with Rule 26(a)(1)(iii), but the Rule does not set a particularly high bar for compliance. See, e.g., Fidelity and Deposit Co. of Md. v. Riess Family, LLC, No. 16-cv-00270, 2018 WL 11238907, at *1 (N.D. Okla. Apr. 27, 2018) (noting that party had complied with Rule 26(a)(1)(iii) when it had provided a broad overview of damages and stated that documents would be available). In its initial disclosure, Lennar provided a table with dollar figures tied to specific categories of damages, broken down by type (i.e., remediation vs. repair) and location (i.e., unit 301 vs. unit 306). [ECF No. 179-1 at 5]. This was sufficient to satisfy the Rule's computation requirements.

With respect to documents, Lennar represents that it will produce documents that it intends to rely upon at trial "well in advance of trial." [ECF No. 241 at 4]. Given that discovery is closed, Lennar should not be withholding these documents. Under Rule 26(a)(1)(iii), Lennar was obligated to produce all non-privileged documents and materials on which it based its

computation. Fed. R. Civ. P. 26(a)(1)(iii). Accordingly, to the extent it has not already done so, Lennar is directed to produce those documents and evidentiary materials immediately. After this production, if LCK and/or Archer still believe that they are missing information relevant to Lennar's asserted damages, they may renew their request for relief. Because trial has not yet been scheduled, Lennar's failure to comply with Rule 26(a)(1)(iii)'s requirements thus far has been "harmless" and therefore preclusion, at least at this juncture, is inappropriate.

Finally, LCK asserts that "Lennar's and Archer's alleged damages are beyond the ken of the average juror" and therefore must be the subject of expert testimony. [ECF No. 179 at 8]. LCK has not, however, cited any authority to support its assertion. Further, it is not clear why a juror would be unable to consider fact evidence regarding how much it cost to repair and/or remediate alleged construction defects. Thus, the fact that neither Lennar nor Archer has disclosed a damages expert will not preclude them from offering evidence regarding damages at trial.

Accordingly, LCK's motion, [ECF No. 179], is DENIED with leave to renew.

**F. ECF No. 194: Motion to Bifurcate**

Archer moves to bifurcate the liability and damages portions of trial, arguing that doing so would reduce litigation costs, streamline trial, and increase the likelihood of settlement. [ECF No. 194]. Lennar responds that changed circumstances since Archer's motion undercut Archer's justifications for bifurcation and that bifurcation would prejudice Lennar. [ECF No. 236].

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The "moving party bears the burden of providing that separate trials are justified," Chapman ex rel. Estate of

Chapman v. Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001), and the bifurcation decision is left to the Court's discretion, see Gonzalez-Marin v. Equitable Life Assurance Soc'y of U.S., 845 F.2d 1140, 1145 (1st Cir. 1988).

The Court declines to bifurcate trial. As Lennar points out, since Archer filed its motion, many of the defendants have settled and will not participate in trial. See [ECF No. 213 (noting that BAP, BER, and F.M. Home have all settled)]. This mitigates, at least to some extent, Archer's concern regarding the complex nature of both determining liability and apportioning damages among multiple defendants. Additionally, although Archer is correct that a finding against Lennar on liability would obviate the need for a determination of damages, that is the case in nearly all litigations where both liability and damages are disputed. Further, given that the witnesses testifying as to liability will almost surely be the same witnesses testifying as to damages, the Court views it as impractical and inefficient to potentially require those witnesses to appear at two separate trials. Overall, the Court views the benefits of bifurcation as marginal, at best, and sees no prejudice in conducting a single trial. Archer's motion, [ECF No. 194], is therefore DENIED.

## II. CONCLUSION

Accordingly, three motions in limine, [ECF Nos. 178, 194, 195], are DENIED, and the other four, [ECF Nos. 171, 174, 175, 179], are DENIED with leave to renew.

**SO ORDERED.**

March 11, 2021

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE